**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION**

| | |
|---|---|
| SHEA WILLIS, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE AUTO FINANCE, INC. <br><br> Defendant. | Case No.1:18-cv-02517 |

**COMPLAINT**

NOW COMES, SHEA WILLIS, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of CAPITAL ONE AUTO FINANCE, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by consumers seeking redress for violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. SHEA WILLIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. CAPITAL ONE AUTO FINANCE, INC. ("Capital One") provides vehicle financing. The company offers auto finance products and agent banking auto finance programs to buy the motorcycles. It also provides direct mail and online vehicle finance. Capital One Auto Finance, Inc. offers services through a network of dealers. The company was founded in 1995 and is based in Plano, Texas. As of July 16, 1998, Capital One Auto Finance, Inc. operates as a subsidiary of Capital One, N.A.

7. Capital One is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 9875.

9. At all times relevant, Plaintiff's number ending in 9875 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

11. In Spring 2015, Plaintiff executed a Retail Installment Contract (the "Contract") in favor of Capital One.

12. The Contract secured the purchase of Plaintiff's 2012 Hyundai Elantra (the "Vehicle").

13. In September 2017, Plaintiff suffered a seizure leading doctors to discover a brain tumor.

14. Soon thereafter, Plaintiff's employment with Veterans of Foreign Wars ("VFW") was terminated.

15. Accordingly, Plaintiff was unable to remain current on payments to Capital One for the Vehicle.

16. Plaintiff started to receive phone calls from Capital One in an attempt to collect payments for the Vehicle.

17. When answering Capital One's phone calls, Plaintiff would be greeted by a silent pause before she was connected to a live representative.

18. Because of financial hardship caused by illness, Plaintiff lacked the ability to pay Capital One.

19. Initially, Plaintiff attempted to negotiate payments to Capital One. Unsuccessful, Plaintiff eventually demanded that Capital One stop calling her cellular telephone.

20. Despite Plaintiff's request to stop the phone calls, Capital One continued (and continues) to place daily calls to Plaintiff's cellular telephone.

21. Despite Plaintiff's request to stop the phone calls, Capital One called Plaintiff no less than 100 times.

**DAMAGES**

22. Capital One's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

23. Capital One's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment

and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Capital One placed or caused to be placed no less than 100 non-emergency calls, including but not limited to the aforementioned solicitation calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. Upon information and belief, based on the lack of prompt human response, Capital One employed an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Capital One transfers the call to a live representative once a human voice is detected, hence the clear pause.

28. Upon information and belief, Capital One acted through its agents, employees, and/or representatives at all times relevant.

29. As a result of Capital One violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

30. As a result of Capital One's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

    A.       find that Capital One violated 47 U.S.C. § 227 *et seq*.;

    B.       enjoin Capital One from placing any further calls to Plaintiff's cellular telephone number ending in 9875 in the future;

    C.       award statutory damages of at least $500.00, and treble damages of up to $1,500.00, for each and every violation; and

    D.       award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

October 31, 2018

Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Shea Willis*